UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VILMA VACCARO                                    Civil Action No.: 11 CV 7791

                Plaintiff,         **AMENDED COMPLAINT**

    -against-

                                          **CLASS ACTION COMPLAINT**

VALENTINE AND KEBARTAS

                                          **DEMAND FOR JURY TRIAL**

                Defendant(s).
-----------------------------------------------------------------X

      Plaintiff VILMA VICCARO ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant VALENTINE AND KEBARTAS hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.    Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2.    Plaintiff is a resident of the State of New York, residing at 7 Garrett Ave., Congers, N.Y. 10920.

3.    Defendant VALENTINE AND KEBARTAS a company organized in Massachusetts, with their main office at 15 Union St., Lawrence, Mass, 01840.

4.    VK is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7.  Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of THE DEFENDANTS.

8.  This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9.  The Class is so numerous that jointer of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant, which violates various provisions of the FDCPA.

10.  The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

11.  There are questions of law and fact which are common to the Class and

which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

22.     On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff and leaving at least 10 prerecorded computerized messages on the phone approximately the end of 2010.

23.     The Defendant's messages were the following:" Hello, this is an important call for Vilma Vaccaro. This is not a telemarketing call. Please ask Vilma Vaccaro to call us at 877.344.5503. Thank you. Good Bye."

24.     The Defendant violated 15 USC §1692e (11) by failing to provide the required

disclosures identifying themselves as a debt collector and further violated 15 USC §1692d (6) by failing to provided meaningful disclosure of the callers identity.

25. The Defendant further violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone number numerous times with a prerecorded message.

26. The Defendant further called the Plaintiff approximately during the month of June 2011 by calling the Plaintiff to the phone number of 845.570.0121 and leaving a message on the phone.

27. The Defendant's message was left by Jackie Martin (800.731.766 extension 233). Ms. Martin did not include disclosures in the message.

28. The Defendant violated 15 USC §1692 e (11) when its representative failed to include the required disclosures that Defendant is a debt collector attempting to collect a debt, and any information obtained would be used for that purpose.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC 15 USC §1692c (b).

31. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
### *(Violations of the TCPA)*

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

34. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and are entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff VILMA VICCARO and THE CLASS hereby respectfully request a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff VILMA VICCARO and THE CLASS demands judgment from the Defendants VALENTINE AND KEBARTAS as follows:

    A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

    B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

    C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

    D.    For attorneys' fees and costs provided and pursuant to 15 USC

§1692k(a)(3);

    E.    A declaration that the Defendant's practices violated the FDCPA;

    F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:    New York, New York
           December 16th, 2011

           Respectfully submitted,

           By: _____
           M. Harvey Rephen, (MR3384), Esq.
           M. HARVEY REPHEN & ASSOCIATES, P.C.
           708 Third Avenue, 6th Floor
           New York, New York 10017
           Phone:    (212) 796-0930
           Facsimile: (212) 330-7582
           *Attorney for the Plaintiff Vilma Viccaro*

To:    VALENTINE and KEBARTAS
       15 Union St.
       Lawrence, Mass, 01840
       (Via Prescribed Service)

*(Via Prescribed Service)*

Clerk,
United States District Court, Southern of New York
*(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                     CASE NO.:

VILMA VACCARO,

                              Plaintiff(s),

     -against-

VALENTINE AND KEBARTAS

                              Defendant(s).


_____

## COMPLAINT

_____


*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:     (212) 796-0930*
*Facsimile: (212) 330-7582*


_____